UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED

2015 NOV 17 P 1:06

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Magistrate Case No. 1:15-mj-00247-JCN |
| | ) COMPLAINT FOR VIOLATION OF |
| ANDREW GOODALL | ) 18 U.S.C. §§ 2251(a), 2251(e), 2252A(a)(1), |
| | ) 2256(8)(A) |

## COMPLAINT

The undersigned complainant, being duly sworn, states:

### COUNT ONE
(Sexual Exploitation of Female Minor Child "A" and Male Minor Child "B")

From a date unknown until no later than September 22, 2015, in the District of Maine, defendant

### ANDREW GOODALL

knowingly employed, used, persuaded, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The visual depictions were of female minor "A" and male minor "B." Those visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce and those depictions were actually transmitted using a means of interstate commerce and in and affecting interstate commerce.

The defendant thus violated Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT TWO
### (Transporting or Shipping Child Pornography)

From a date unknown until no later than September 22, 2015, in the District of Maine, defendant

## ANDREW GOODALL

knowingly transported child pornography using any means or facility of interstate and foreign commerce and in or affecting interstate and foreign commerce by any means, including by computer. Specifically, the defendant transmitted an image or images of child pornography using the internet.

The defendant thus violated Title 18, United States Code, Sections 2252A(a)(1) and 2256(8)(A).

The complainant states that this complaint is based on the attached affidavit, which is incorporated by reference.

_____
Gregory Kelly, Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 17th day of November 2015.

_____
John C. Nivison
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Gregory Kelly, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), and have been since 2007. Since approximately May 2010, I have been assigned to conduct investigations of crimes where computers and the Internet are used in the sexual exploitation of children, including (but not limited to) violations of 18 U.S.C. Sections 2251 and 2252A, which prohibit a person from knowingly producing child pornography and/or transporting, receiving, distributing, possessing or accessing with intent to view, in interstate or foreign commerce, or by using any facility or means of interstate or foreign commerce, child pornography, as defined in 18 U.S.C. Section 2256(8). I have received formal and on-the-job training in the investigation of cases involving the sexual exploitation of children. My experience includes participation in the execution of numerous search warrants involving child pornography and seizures of computers and other storage media, and I have participated in numerous arrests and interviews of subjects involved with child pornography and child exploitation.

2. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant. The facts set forth in this affidavit are based on my personal knowledge, information obtained during my participation in this investigation, information from others including law enforcement officers, my review of documents and computer records related to this investigation, and information gained through my training and experience.

## BACKGROUND OF INVESTIGATION AND PROBABLE CAUSE

3.      Since on or about June of 2012, the HSI, Cyber Crimes Center (C3), Child Exploitation Investigations Unit (CEIU), Victim Identification Program (VIP), as well as various international law enforcement agencies, have been investigating an online website that has been used extensively by persons interested in exchanging images depicting child pornography to meet and become trading partners. This website is referred to as "Website A."[1]

4.      On September 15, 2015, I received information from HSI C3 indicating an individual in the HSI Bangor area of responsibility created an account and associated user/screen name on Website A on August 21, 2015 ("User 1"). Between August 21, 2015 and September 16, 2015, User 1 uploaded 12 photo albums to Website A. The following is a brief description of the content of several of the albums:

- "Album 1": The album contains the user generated foreword, "I have more for "trade" email me…" This album contains pictures of a young girl, approximately 6 years of age, wearing a white dress. The majority of the pictures in this album are taken from a point of view where the viewer can see up the child's dress. The child's underwear is clearly visible in the pictures. Some of the comments associated with the photos include, "very sexy", "mmmmmmmm", "mmmmmmmmmm very good". Hardcopy excerpts from this album have been attached under seal as Exhibit A.

- "Album 2": The album contains pictures of a young boy, approximately 5-7 years of age, seated on a couch in his underwear. There are pictures that are zoomed in

---

[1] The URL and the name of the website are known to law enforcement but are not mentioned in this affidavit in order to preserve the integrity of an ongoing investigation.

and focused on the child's underwear covering his penis. There are also pictures of the child taken from behind with the child kneeling on an ottoman. These pictures focus on the child's buttocks. Some of the comments associated with the photos include, "any without underware?", and "why can't those pants be off". Hardcopy excerpts from this album have been attached under seal as Exhibit B.

- "Album 3": This album contains close-up pictures of a small child's buttocks. The child is wearing gray underwear. In one of the photos, the hand of an adult can be seen having pulled down the underwear of the child thus exposing the child's buttocks. Some of the comments associated with the photos include, "Very tempting" and translated from Spanish, "What a pretty bum". Hardcopy excerpts from this album have been attached under seal as Exhibit C.

- "Album 4": This album contains photos of a young girl, approximately 9 to 11 years of age, sitting and lying on a bed. The photos appear to have been taken surreptitiously in an attempt to focus on the child's underwear and down her shirt. Hardcopy excerpts from this album have been attached under seal as Exhibit D. It is noteworthy that User 1 commented on one of his photos, stating "Unfortunately I moved and it was hard but I got a few more. Right now I live with a little boy and hes much easier, more susceptible and less suspicious. I coulda had fun with that girl. I think someone else trained her. Got vids to. Email for trades and passes."

- "Album 5": This album contains the foreword, "Trade for whole set. Inclides *everything*…" This album contains two pictures of a small child on the toilet

that are likely screen captures taken from a video. In one photo the child appears to either be putting on or taking off his underwear while seated on the toilet. The underwear is in the child's hands and the picture was taken from an angle such that the underwear hides the child's penis from view. In the second photo the child is completely naked and appears to be holding a shirt in his hands. The child is still seated on the toilet, but the picture was taken from a side angle therefore the child's penis is not exposed. The comments associated with the photos include, "would love to see the rest, email me", "I would love to see more of these", "Really nice I love it! I would love to trade with you! Pls contact me!", and "sweet girl love too trade vid s". Hardcopy excerpts from this album have been attached under seal as Exhibit E.

5. In addition to the User 1 albums, C3 also provided information on the Internet Protocol (IP) addresses associated with the User 1 Website A account. The logs revealed two commonly used IP addresses to log into the account. They were identified as 74.75.50.83 and 74.78.67.248. IP address 74.75.50.83 logged into the account twelve times between August 21, 2015 and September 10, 2015. IP address 74.78.67.248 logged into the account four times between September 4, 2015 and September 12, 2015.

6. A Domain Name System (DNS) check on these IP addresses was conducted through the American Registry for Internet Numbers (ARIN). This check revealed that they were both registered to Time Warner Cable.

7. A Customs Summons was issued to Time Warner Cable for subscriber information for these two IP addresses during several of these logins to the User 1 account. The information provided by Time Warner Cable revealed that these IP addresses were associated

with two neighboring residence in Bangor, Maine. Based on this information and further investigation, a federal search warrant was obtained on September 21, 2015 and executed on September 22, 2015 at one of these residences in Bangor, Maine ("Search Warrant 1 Residence").

8. Upon arrival at the Search Warrant 1 Residence, agents met with "L.A." L.A. was unfamiliar with Website 1 and had never heard the screen/user name of User 1. She stated, however, that she had two children and that an individual by the name of Andy GOODALL and his girlfriend had been babysitting her two sons for the last month. However, L.A. had been fired from her job the day before and no longer needed the service of a babysitter. Therefore, she had GOODALL and his girlfriend move out of Search Warrant 1 Residence and into L.A.'s parents' residence in Kenduskeag, Maine "(Search Warrant 2 Residence.")

9. L.A. noted that GOODALL had used the internet while living with her. In fact, she noted that her internet connection was password protected and the only two people with access to the password were GOODALL and his girlfriend.

10. A law enforcement agent showed L.A. images that had been posted to Website A by User 1. These images were of the same boy from Albums 2 and 3. L.A. identified the boy as her son. In addition, in reference to one particular picture, she stated that GOODALL had taken the picture within the last couple of weeks. He texted it to her along with a text message. L.A. saved the picture of her son to her phone. L.A. was also able to identify other children who were posted to Website A by User 1 as children of friends of hers. She stated that GOODALL would have had access to these children.

11. On September 22, 2015, law enforcement obtained a second federal search warrant for Search Warrant 2 Residence. This search warrant was executed on September 22,

5

2015 and resulted in the seizure of several electronic devices including a Motorola Droid phone belonging to GOODALL.

12. GOODALL was present when the search warrant was executed. GOODALL was informed that he was not under arrest and agreed to speak to me and another investigator. GOODALL admitted to taking pictures and/or video of naked children and children in their underwear. GOODALL also admitted to sexually assaulting one child. In total, GOODALL provided the names of five victims ranging in age from approximately two years old to 13 years old. GOODALL stated that he used his Motorola Droid phone and his computer tablet to take the pictures and videos, but mainly used his phone. GOODALL admitted to using the screen name User 1 to post these images on Website A. GOODALL also claimed ownership of the email address associated with User 1's Website A account.

13. GOODALL admitted that he was sexually interested in 13 to 18 year old girls, but that he was also sexually attracted to adult women. GOODALL believed that by taking these photos and videos of younger children, he would have to ability to trade them to other people for the types of files he was interested in. GOODALL added that the investigators would likely discover child pornography on his devices that he had downloaded from the internet over the years. GOODALL stated that he knew what he was doing was wrong, but that he could not help himself. GOODALL wanted to take full responsibility for his actions and stated that maybe now he would finally get the help he needs for what he deemed as his problem.

14. In his attempt to take responsibility, GOODALL identified the online accounts he used to conduct his activities related to child pornography and allowed me to assume his online identity by taking over these accounts. GOODALL identified three email accounts and his

Website A account. GOODALL admitted that one of his email accounts would contain links that he sent to people via email in an attempt to trade child pornography. These links contained naked pictures that he took of two minor children that he identified as Minor A and Minor B. Minor A and Minor B were also in some of the albums posted on Website A by GOODALL. I assumed control of GOODALL's email accounts and reviewed the contents of each. I discovered several emails sent from GOODALL to others looking to trade child pornography. Within these emails, I also discovered the links described by GOODALL containing pictures of two prepubescent children, identified as Minor A (7 years of age) and Minor B (6 years of age).

15. In reference to Minor A, on September 5, 2015, GOODALL sent an email containing links to another email address. In this email, GOODALL stated: "I got some nude shots of her vagina, and with her lips spread. I'll show you some samples and then I'll give you everything I have on her. You got trades? Look at these in order I posted for full effect. These samples alone are worth a trade." I reviewed the links provided by GOODALL and noted they contained pictures of Minor A. The pictures appear to have been taken in a series and if viewed the way GOODALL directs, they depict GOODALL undressing the child as she lies on a mattress. The pictures begin with the child lying on her back on a bed. The child is wearing a dress and her legs are pulled up to expose her underwear. In another picture, the child is wearing underwear with her legs spread apart and the camera focused on her genital area. The pictures continue in a series with the child removing her underwear. In one of the pictures, GOODALL'S hand can be seen pulling the child's underwear down. The series concludes with two pictures: a close-up of the child's naked buttocks and an even closer view of the child's buttocks and vulva. What appears to be a finger can be seen partially covering the child's vulva from camera view.

In several of the photos, the minor's genital area is the clear focus of the image and the depictions are portrayed in a way that appears designed to elicit a sexual response in the viewer. These photos have been attached under seal as Exhibit F. Detective Josh Kuhn of the Bangor Police Department interviewed Minor A in reference to this investigation and confirmed that Minor A was the child depicted in the links emailed by GOODALL.

16. In reference to Minor B, on September 5, 2015, GOODALL sent an email containing links to another user stating, "I prefer all girl stuff 5-12. Boys 5-12 but with boys I prefer hardcore videos with sound. Preferably of them gettingfucked and crying." I reviewed the links and recognized the child identified as Minor B as the subject of the photos. The pictures are a series of Minor B using the toilet. Minor B is completely naked and his penis and/or scrotum are the focus of several of the pictures. The photos appear to have been taken surreptitiously and are portrayed in a way that appears designed to elicit a sexual response in the viewer. One photo is taken from behind Minor B and his buttocks, penis and scrotum can be seen. Another photo is a close-up of Minor B's penis. These photos have been attached under seal as Exhibit G. Detective Josh Kuhn of the Bangor Police Department also interviewed Minor B in reference to this investigation and confirmed that Minor B was the child depicted in the links emailed by GOODALL.

## CONCLUSION

Based on the foregoing, there is probable cause to believe Andrew Goodall has sexually exploited a child or children in violation of Title 18, United States Code, Section § 2251(a) and transported images of child pornography in violation of Title 18, United States Code, Section 2252A(a)(1).

I, Gregory Kelly, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information and belief, and that I make this oath under pains and penalties of perjury.

Dated at Bangor, Maine this 17th day of November 2015.

_____
Gregory Kelly, Special Agent
Homeland Security Investigations


Sworn and subscribed before me this 17th day of November 2015.

_____
John C. Nivison
United States Magistrate Judge

9